■ FLORADAN HOME OWNERS ASSOCIATION, INC., et al., Appellants, v. FLORADAN LODGE COUNTRY CLUB, INC., Defendant and Third-Party Plaintiff-Respondent. ARTHUR BERLINGER et al., Third-Party Defendants-Appellants.— In an action to compel respondent to continue to maintain a water supply system, in which respondent interposed counterclaims and third-party claims to recover for water and other facilities supplied, plaintiffs and third-party defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County, dated August 17, 1971 and entered in Putnam County,

which *inter alia* granted respondent's motion to confirm a Referee's report, dismissed the complaint and granted respondent monetary recovery against the individual appellants in varying amounts for the unpaid reasonable value of the water service and other facilities in question, except that, as limited by their brief, appellants do not appeal from the decretal provision in the order and judgment directing that the parties pay the Referee's fee. Order and judgment reversed insofar as appealed from, on the law and the facts, and new trial granted, with costs to appellants. Over a number of years up to and into 1962, 44 individuals (appellants are 43 of them and the estate of one of them) purchased cottages in a summer colony. In 1965 the respondent purchased the unsold portion of the colony and subsequently sold 32 additional cottages to new owners. The deeds for 31 of these cottages provided that the charge for domestic water service would be $150 a year and that the charge for use of colony facilities would be an additional $150 a year. The deed for the remaining one of these 32 cottages, a larger cottage, provided for higher charges for the water service and other facilities. Appellants had been paying various lesser amounts for these services and respondent billed them for increased amounts which they refused to pay, relying on provisions in their deeds which they said limited the charges to the lesser amounts they had been paying. The trial court found that in all but a few instances the provisions in appellants' deeds as to charges for water and other facilities were unenforceable and the matter was referred to a Referee to hear and report as to the reasonable value of the water services and facilities furnished by respondent. The Referee found that the 32 sales to the new owners were arm's length transactions between willing buyers and a willing seller and thus were evidence that the reasonable value of the services was $150 a year for water service and $150 a year for the other facilities. The trial court confirmed the Referee's report and awarded respondent judgment against these 44 appellants on the basis of the value found by the Referee. The 32 sales to the new owners were purchases by persons who desired the advantage of living in a summer colony. So far as the record shows, the charges in question were not subject to negotiation and were not fixed apart from the sale of the cottages, but were the same in each instance. Consequently, these purchases were not true arm's length transactions but were instead made on a "take-it-or-leave-it" basis which furnishes no adequate evidence of reasonable value. The colony's water system was at one time under the control of the Public Service Commission but was removed therefrom on respondent's application. The replacement cost as of the date respondent purchased the property would provide a basis for proper depreciation as an element of reasonable value, in addition to the reasonable cost of operation, maintenance and repair and a reasonable profit to respondent. These are matters which should be explored on the new trial. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.